UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In Re:                                          Case No. 23-16097-MAM
                                                Chapter 11
BURT KRONER,

              Debtor.
_____/

BURT KRONER,

        Plaintiff,

vs.                                             ADV. PRO. NO.:

UNITED STATES OF AMERICA
(INTERNAL REVENUE SERVICE)

        Defendant.
_____/

**COMPLAINT (1) TO DETERMINE
DISCHARGEABILITY OF DEBT AND (2) FOR OBJECTION TO CLAIM**

The Debtor and Plaintiff, BURT KRONER, (hereinafter referred to as the "Debtor" and/or "Plaintiff"), by and through undersigned counsel, hereby files this Complaint to Determine Dischargeability of Debt against the United States of America (Internal Revenue Service), and states as follows:

1.      Plaintiff is the Debtor in the main Chapter 11 proceeding, Case No. 23-16097-MAM (the "Bankruptcy Case").

2.      This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(I).

3.      This is an adversary proceeding to determine the dischargeability of debts, pursuant to 11 U.S.C. § 523, and Fed. R. Bankr. P. 3007(b), 7001(6).

4.      Venue is proper in this district pursuant to 28 U.S.C. §1409(a) and other

applicable law.

5.      Defendant, UNITED STATES OF AMERICA (INTERNAL REVENUE

SERVICE), (hereinafter referred to as the "IRS"), is a creditor of the Plaintiff.

6.      On August 1, 2023, the Debtor initiated the Bankruptcy Case by the

filing of a Voluntary Petition under Chapter 11 of Title 11 of the United States Code

in this Court.

7.      The IRS filed a proof of claim on September 12, 2023, which claim has

been assigned number 2 ("POC 2").

8.      In POC 2, the IRS asserts that it is a creditor of the Debtor for the

following tax years and amounts:[1]

| Tax Year | Income Tax | Interest to Petition Date |
|----------|------------|---------------------------|
| 2005 | $1,635,206.00 | $1,890,108.53 |
| 2006 | $5,718,288.85 | $5,712,944.59 |
| 2007 | $1,821,277.00 | $1,542,241.91 |

9.      Additionally, in POC 2, the IRS asserts that the Debtor owes penalties

for its delinquent income tax debt for the taxable years ending in 2005, 2006, and

2007 in the aggregate amount of $2,293,692.97 (the "Penalty Claim").

10.     In POC 2, the IRS acknowledges that the Debtor's tax liability for the

taxable years ending in 2005, 2006, and 2007, was assessed on November 9, 2020.

11.     November 9, 2020, predates the filing of the Bankruptcy Case by more

than 240 days.

---

[1] The amounts listed in this paragraph and the next are for income tax debt plus interest and penalties through the petition date. The actual amount that the IRS may claim is due may be higher due to additional interest and penalties.

12.     In POC 2, the IRS acknowledges that the Debtor's income tax liability

for the taxable years ending in 2005, 2006, and 2007, inclusive of interest and

penalties, is a general unsecured claim that is not entitled to priority treatment under

11 U.S.C. § 507(a)(8).

## COUNT 1: DECLARATORY JUDGMENT

### 2007 Tax Year

13.     The Debtor's tax liability for the taxable year ending in 2007 is for

income taxes and interest, and a disputed penalty assessment (the "2007 Tax Debt").

14.     The IRS's claim for the Debtor's 2007 Tax Debt is neither a gap claim in

an involuntary case under 11 U.S.C. § 507(a)(3) nor a priority claim under 11 U.S.C.

§ 507(a)(8). Therefore, the 2007 Tax Debt is not excepted from discharge under 11

U.S.C. § 523(a)(1)(A).

15.     The Debtor's 2007 tax return was due to be filed, including extension,

by October 15, 2008.

16.     October 15, 2008, predates the filing of the Bankruptcy Case by more

than three years.

17.     The IRS's claim for the 2007 Tax Debt is not a priority claim under 11

U.S.C. § 507(a)(8)(A)(i) because the Debtor filed his Bankruptcy Case more than three

years after the 2007 tax return was due.

18.     The IRS's claim for the 2007 Tax Debt is not a priority claim under either

11 U.S.C. § 507(a)(8)(A)(ii) or 11 U.S.C. § 507(a)(8)(A)(iii) because the IRS assessed

the Debtor's 2007 Tax Debt more than 240 days before the Debtor filed his

Bankruptcy Case.

19.     Although the IRS describes part of the 2007 Tax Debt as a "penalty", the Debtor has not conducted discovery sufficient to determine whether the "penalty" is a penalty within the meaning of 11 U.S.C. § 507(a)(8)(G), and further disputes the IRS's entitlement to any portion of its Penalty Claim.[2] Regardless, the "penalty" portion of the 2007 Tax Debt is not a priority claim under 11 U.S.C. § 507(a)(8)(G) because the "penalty" is neither related to a priority tax debt nor in compensation for actual pecuniary loss.

20.     The Debtor's 2007 Tax Debt is not excepted from discharge under 11 U.S.C. § 523(a)(1)(B) because the Debtor's 2007 tax return was filed more than two years before the Debtor filed his Bankruptcy Case.

21.     The Debtor's 2007 tax return was filed on November 10, 2008.

22.     November 10, 2008, predates the filing of the Bankruptcy Case by more than two years.

23.     The Debtor did not make a fraudulent return or willfully attempt in any manner to evade or defeat his 2007 Tax Debt.  The Debtor relied on the advice of counsel to determine his taxable income.  Therefore, the IRS's claim for the 2007 Tax Debt is not excepted from discharge under 11 U.S.C. § 523(a)(1)(C).

---

[2] The Debtor reserves the right to challenge whether the "penalty" portion of the 2007 Tax Debt is a penalty within the meaning of 11 U.S.C. § 507(a)(8)(G) and reserves the right to challenge the IRS's entitlement to allowance of its Penalty Claim, should either determination become necessary.

## 2006 Tax Year

24.    The Debtor's tax liability for the taxable year ending in 2006 is for income taxes and interest, and a disputed penalty assessment (the "2006 Tax Debt").

25.    The IRS's claim for the Debtor's 2006 Tax Debt is neither a gap claim in an involuntary case under 11 U.S.C. § 507(a)(3), nor a priority claim under 11 U.S.C. § 507(a)(8). Therefore, the 2006 Tax Debt is not excepted from discharge under 11 U.S.C. § 523(a)(1)(A).

26.    The Debtor's 2006 tax return was due to be filed, including extension, by October 15, 2007.

27.    October 15, 2007, predates the filing of the Bankruptcy Case by more than three years.

28.    The IRS's claim for the 2006 Tax Debt is not a priority claim under 11 U.S.C. § 507(a)(8)(A)(i) because the Debtor filed his Bankruptcy Case more than three years after the 2006 tax return was due.

29.    The IRS's claim for the 2006 Tax Debt is not a priority claim under either 11 U.S.C. § 507(a)(8)(A)(ii) or 11 U.S.C. § 507(a)(8)(A)(iii) because the IRS assessed the Debtor's 2006 Tax Debt more than 240 days before the Debtor filed his Bankruptcy Case.

30.    Although the IRS describes part of the 2006 Tax Debt as a "penalty", the Debtor has not conducted discovery sufficient to determine whether the "penalty" is a penalty within the meaning of 11 U.S.C. § 507(a)(8)(G), and further disputes the

IRS's entitlement to any portion of its Penalty Claim.[3] Regardless, the "penalty" portion of the 2006 Tax Debt is not a priority claim under 11 U.S.C. § 507(a)(8)(G) because the "penalty" is neither related to a priority tax debt nor in compensation for actual pecuniary loss.

31.     The Debtor's 2006 Tax Debt is not excepted from discharge under 11 U.S.C. § 523(a)(1)(B) because the Debtor's 2006 tax return was filed more than two years before the Debtor filed his Bankruptcy Case.

32.     The Debtor's 2006 tax return was filed on November 19, 2007.

33.     The Debtor did not make a fraudulent return or willfully attempt in any manner to evade or defeat his 2006 Tax Debt. The Debtor relied on the advice of counsel to determine his taxable income. Therefore, the IRS's claim for the 2006 Tax Debt is not excepted from discharge under 11 U.S.C. § 523(a)(1)(C).

## 2005 Tax Year

34.     The Debtor's tax liability for the taxable year ending in 2005 is for income taxes and interest, and a disputed penalty assessment (the "2005 Tax Debt").

35.     The IRS's claim for the Debtor's 2005 Tax Debt is neither a gap claim in an involuntary case under 11 U.S.C. § 507(a)(3), nor a priority claim under 11 U.S.C. § 507(a)(8). Therefore, the 2005 Tax Debt is not excepted from discharge under 11 U.S.C. § 523(a)(1)(A)

---

[3] The Debtor reserves the right to challenge whether the "penalty" portion of the 2006 Tax Debt is a penalty within the meaning of 11 U.S.C. § 507(a)(8)(G) and reserves the right to challenge the IRS's entitlement to allowance of its Penalty Claim, should either determination become necessary.

36.    The Debtor's 2005 tax return was due to be filed, including extension, by October 15, 2006.

37.    October 15, 2006, predates the filing of the Bankruptcy Case by more than three years.

38.    The IRS's claim for the 2005 Tax Debt is not a priority claim under 11 U.S.C. § 507(a)(8)(A)(i) because the Debtor filed his Bankruptcy Case more than three years after the 2005 tax return was due.

39.    The IRS's claim for the 2005 Tax Debt is not a priority claim under either 11 U.S.C. § 507(a)(8)(A)(ii) or 11 U.S.C. § 507(a)(8)(A)(iii) because the IRS assessed the Debtor's 2005 Tax Debt more than 240 days before the Debtor filed his Bankruptcy Case.

40.    Although the IRS describes part of the 2005 Tax Debt as a "penalty", the Debtor has not conducted discovery sufficient to determine whether the "penalty" is a penalty within the meaning of 11 U.S.C. § 507(a)(8)(G), and further disputes the IRS's entitlement to any portion of its Penalty Claim.[4] Regardless, the "penalty" portion of the 2005 Tax Debt is not a priority claim under 11 U.S.C. § 507(a)(8)(G) because the "penalty" is neither related to a priority tax debt nor in compensation for actual pecuniary loss.

41.    The Debtor's 2005 Tax Debt is not excepted from discharge under 11

---

[4] The Debtor reserves the right to challenge whether the "penalty" portion of the 2005 Tax Debt is a penalty within the meaning of 11 U.S.C. § 507(a)(8)(G) and reserves the right to challenge the IRS's entitlement to allowance of its Penalty Claim, should either determination become necessary.

U.S.C. § 523(a)(1)(B) because the Debtor's 2005 tax return was filed more than two years before the Debtor filed his Bankruptcy Case.

42.     The Debtor's 2005 tax return was filed on August 7, 2006.

43.     August 7, 2006, predates the filing of the Bankruptcy Case by more than two years.

44.     The Debtor did not make a fraudulent return or willfully attempt in any manner to evade or defeat his 2005 Tax Debt. The Debtor relied on the advice of counsel to determine his taxable income. Therefore, the IRS's claim for the 2005 Tax Debt is not excepted from discharge under 11 U.S.C. § 523(a)(1)(C).

WHEREFORE, the Plaintiff/Debtor respectfully requests that this Court enter a declaratory judgment determining that the Debtor's federal income tax debt for the taxable years ending in 2005, 2006, and 2007, inclusive of penalties and interest, is not excepted from discharge under 11 U.S.C. § 523, and for such other and further relief as this Court deems just and equitable.

## COUNT 2: OBJECTION TO CLAIM

45.     The Debtor does not owe the Penalty Claim.

46.     The Debtor relied in good faith on the advice of counsel in reporting his taxable income for the tax years ending in 2005-2007.  Such good-faith reliance satisfies the "reasonable cause" exception to the imposition of penalties for filing inaccurate tax returns. 26 U.S.C. § 6664(c)(1).

47.     On October 8, 2014, the Debtor filed a petition with the United States Tax Court (the "Tax Court") that challenges the Penalty Claim. *Kroner v. IRS*, Docket

No. 23983-14 (the "Tax Case").

48.    The Tax Court concluded a trial on the Debtor's challenge to the Penalty Claim prior to the filing of the Bankruptcy Case, but the automatic stay prevented, and continues to prevent, the Tax Court from deciding whether there was a reasonable cause for underpayment of the income-tax debt due for the taxable years ending in 2005-2007.

49.    The Debtor reserves the right to raise all of the arguments made in the Tax Case record in opposition to allowance of the Penalty Claim.

WHEREFORE, the Plaintiff/Debtor respectfully requests that this Court disallow the IRS's Penalty Claim.

Respectfully submitted,

Wernick Law, PLLC
*Attorneys for the Debtor/Plaintiff*
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
(561) 961-0922

By: */s/ Aaron A. Wernick*
    Aaron A. Wernick, Esq.
    Florida Bar No. 14059
    awernick@wernicklaw.com